JOSEPHINE LAPPREAD v. THE CITY OF DETROIT.

*Municipal corporations—Defective sidewalk—Notice—Evidence.*

Where in a negligence case the theory of the declaration is that the plaintiff was injured by falling upon a sidewalk, by reason of the stump of a tree, which had been cut even with the walk, projecting above it, caused by the settling of the walk after the tree had been cut, resolutions of the city council ordering the cutting of the tree have no tendency to show actual or constructive notice of the defect complained of.

Error to Wayne. (Brevoort, J.) Argued March 7, 1893. Decided April 7, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed* and *Thomas T. Leete, Jr.,* for appellant.

*Park & Henderson (Edwin Henderson,* of counsel), for plaintiff.

GRANT, J. On the evening of December 24, 1889, plaintiff fell upon a sidewalk, and claims to have been injured. The negligence alleged consisted in the settling of the sidewalk, and leaving the stump of a small tree projecting above it.

The sidewalk was situated in a portion of the city where the travel is comparatively slight. No actual notice of the defect to the city was shown. Plaintiff's counsel, for the purpose of showing that the city had notice of the unfit and unsafe condition of the sidewalk, offered in evidence four resolutions of the common council, dated respectively October 11 and October 25, 1887, and February 21 and April 10, 1888, which were received under objection and exception. The first resolution directed all the obstructions

in the form of trees on the north side of Fort street, between McKinstry and Lansing avenues, to be removed, and the sidewalk placed in its proper line for public safety. The second directed the same sidewalk to be placed in its proper line, as it was dangerous to public travel. The third directed the same sidewalk to be rebuilt, as it had been torn up by the owner of the adjoining lot, and that an obstruction in the form of a tree be cut down, as it stood in the center of the sidewalk. The fourth one required the board of public works to show cause why the tree in the center of this sidewalk should not be cut down, as it was an obstruction to public travel. These resolutions were offered by Alderman McIntyre.

1. These resolutions were incompetent. They had no tendency to show any notice of the alleged defect to the city, nor any knowledge thereof on its part. They appear to have been passed while the tree was standing. But, even if any or all of them had been passed after the tree had been cut, they would not have been evidence of notice, either . actual or constructive, for when the tree was cut the stump was even with the sidewalk. Such was the theory of the declaration. The circuit judge instructed the jury that the resolutions constituted the only evidence of notice.

2. The court erred in not instructing the jury, as requested, that there was no evidence of actual notice to defendant of the alleged defect.

There are other errors in the charge of the court, but, as they arose out of the errors already mentioned, it is unnecessary to refer to them.

Judgment reversed, and a new trial ordered.

The other Justices concurred.